VINCAS ALEKSANDRAVICIUS AND ANTANAS ALEKSAN-
DRAVICIUS, BY THEIR ATTORNEY-IN-FACT JONAS
BUDRYS, CONSUL GENERAL OF THE REPUBLIC OF
LITHUANIA AT NEW YORK, PLAINTIFFS-APPELLANTS,
v. JESSE MOSKOWITZ, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division.

Argued October 1, 1962—Decided October 18, 1962.

Before Judges GOLDMANN, FREUND and FOLEY.

*Mr. Francis P. Morley* argued the cause for appellants.

*Mr. Jesse Moskowitz* argued the cause *pro se.*

The opinion of the court was delivered by

FOLEY, J. A. D.   This is an appeal from a summary judgment entered in favor of defendant by the Chancery Division.

The complaint herein was filed by the Consul General of the Republic of Lithuania allegedly in behalf of two nationals residing in Lithuania.   It alleged that these persons, Vincas and Antanas Aleksandravicius, are the only known heirs and next of kin of Joseph Alexandravicus who died intestate while residing in Harrison, N. J.; that the Probate Division of Hudson County Court appointed a conservator (decedent's cousin) to take possession of, and manage a one-family dwelling in Harrison owned by decedent at the time of his death; that defendant, an attorney of New Jersey, obtained an order from the County Court dated May 19, 1960, discharging the conservator of the real property, such order being based on defendant's representation that a contract for the sale of the real property had been executed on November 5, 1959, with title to close on or about February 16, 1960.

The complaint alleged further that defendant had executed the contract under a "document" purportedly executed by the plaintiffs, which was invalid because it was certified by functionaries of the Lithuanian Soviet Socialist Republic and of Russia; that the United States does not recognize the incorporation of Lithuania into the U. S. S. R.; and that the recognition of the acts of the functionaries and officials of the Lithuanian Soviet Socialist Republic is in contravention of the announced policy of the United States Government. Lastly, it was alleged that the plaintiffs did not understand

the languages (Russian and English) in which the document was written.

The relief sought was a judgment requiring the defendant to make discovery of any oral, written, or other form of authorization under which he acted with respect to the real property; That he account for all monies he had received as a result of the sale of the property; and that he be enjoined from transferring such monies.

Defendant in his answer admitted obtaining the court order of May 19, 1960. He denied, however, that he had acted pursuant to the allegedly illegal "document" cited by plaintiffs. In separate defenses he averred that he had never acted, nor purported to act, as an "attorney-in-fact" of plaintiffs in connection with the sale of the real property, but, on the contrary, his status in relation to the transaction was that of an "attorney at law."

Coincidentally with the filing of his answer defendant moved for a summary judgment, supporting his motion by an affidavit which alleged *inter alia* the following: In 1959 plaintiffs executed a power of attorney (the "document") authorizing the New York law firm of Wolf, Popper, Ross, Wolf and Jones to represent them as attorneys-in-fact in all matters relating to the estate of the decedent; the New York law firm engaged defendant to represent plaintiffs as an attorney at law with regard to the real estate located in New Jersey; when a licensed real estate broker obtained a purchaser for the property a contract of sale was executed by the New York law firm as attorneys-in-fact; a deed to the property personally signed by the heirs was delivered by defendant as an attorney at law to the attorney for the buyers on September 21, 1961, and according to defendant's information and belief was subsequently recorded in the office of the Register of Deeds and Mortgages of Hudson County; defendant never personally received the consideration for the sale, but at the purchaser's insistence the proceeds were held in escrow in a joint account under the names of defendant and the purchasers' attorney until a search was completed;

this done, the deed was forwarded to defendant by a title insurance company with the understanding that it would not be delivered to the purchasers until the consideration was delivered to the sellers through their attorneys-in-fact; the consideration was withdrawn from escrow by a draft made payable directly to the heirs, and defendant delivered the draft to the New York law firm as attorneys-in-fact for the heirs. Plaintiffs filed no affidavits to rebut the foregoing.

Preliminarily, we observe that prior to the adoption of the Judicial Article of the *Constitution* of 1947 it was the common practice in equity bills in which the relief requested was an accounting to also seek as relief discovery in aid of the action. But it was well settled that in an action for relief and discovery in which no case for relief was made, the action could not be maintained for discovery alone. *Courter v. Crescent Sewing Machine Co.*, 60 *N. J. Eq.* 413, 417 (*E. & A.* 1899); *State v. Foster Wheeler Corp.*, 133 *N. J. Eq.* 554 (*Ch.* 1943). It is also clear that under the former practice, in a proceeding in which an accounting was the ostensible but not the actual reason for the action, discovery alone would not sustain it. *Township of Franklin v. Trammell*, 80 *N. J. Eq.* 551 (*E. & A.* 1912); *Town of Franklin v. Crane*, 80 *N. J. Eq.* 509 (*E. & A.* 1912); *Fleming v. Fleming*, 135 *N. J. Eq.* 358 (*Ch.* 1944).

However, in implementation of our present judicial system the Supreme Court adopted *R. R.* 4:20 which grants pretrial discovery as a matter of right. Thus ordinarily, and certainly in circumstances such as are here presented, discovery is no longer a form of relief obtainable only after the right to an accounting has been established. Compare *In re Estate of Virgilio*, 71 *N. J. Super.* 89 (*App. Div.* 1961).

On the argument of the motion for summary judgment the attorney for plaintiffs did not urge that defendant's affidavit, standing uncontradicted, was equivocal and thus of itself presented factual questions requiring a denial of the motion. Rather, he submitted that the motion was "premature" and that it should be "put off" until plaintiffs had a

"right of discovery." Significantly, plaintiffs did not avail themselves of the right of pretrial discovery provided by *R. R.* 4:20 and *R. R.* 4:21 prior to the motion, although the attorney did mention that his client's failure to comply with a demand for security for costs until five days prior to the filing of the answer and the service of the motion had suspended their right to make discovery under the rules during the intervening period. Nor did plaintiffs seek an adjournment of the motion in order to employ pretrial discovery procedures notwithstanding that in the colloquy between court and counsel the judge clearly indicated that the absence of proof contradicting or contravening defendant's affidavit rendered plaintiffs' resistance to the motion untenable. Moreover, plaintiffs made no suggestion whatever of what they hoped to develop through oral examination which would tend so to diminish the force of defendant's affidavit that a plenary hearing would be required. Finally, it appears that in a prior proceeding the validity of the power of attorney herein referred to was vindicated. See *In re Estate of Alexandravicus,* 35 *N. J.* 230, 238 (1961).

In the total circumstances we are satisfied that the trial judge had no alternative but to decide the motion on the pleadings and proofs which were before him. We are equally convinced that a consideration of the same led the judge to properly conclude that they presented no palpably genuine issue of material fact of defendant's liability which would have supported the denial of the motion. See *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N. J.* 67 (1954).

The ostensible objective of the proceeding was to require defendant to account to plaintiffs for the monies which passed in consideration of the sale of the Harrison property. Parenthetically, we note that the actual objective of the action may well have been to relitigate the validity of the power of attorney. Be that as it may, absent proof of a relationship between defendant and plaintiffs which would support an accounting, the ancillary relief of discovery, and enjoinder from disbursing such monies fell of their own weight. The

clear and uncontradicted proof before the trial court was that the attorneys-in-fact, the New York law firm, had engaged defendant as a practicing attorney of this State, to perform legal services attending the sale of real property, the closing of title, and disbursement of the proceeds of the sale. Defendant did this and nothing more. He received and delivered a deed which was not drawn by him, placed the funds in an escrow account, and, in due course, with the consent of the seller, the title company and the attorneys-in-fact, remitted the funds to the latter. Plaintiffs do not contest these facts even by way of argument.

We are satisfied, therefore, that the action brought against the defendant was groundless and that the trial court properly granted the motion for summary judgment in his favor.

Affirmed.